**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**RASUL TAHIR HIJAZ EL**                                       **PLAINTIFF**

**v.**                                     **CAUSE NO. 3:12-CV-848-CWR-FKB**

**CITY OF RIDGELAND, MS;**                           **DEFENDANTS**
**STATE OF MISSISSIPPI**

**ORDER**

Before the Court is the State of Mississippi's motion to dismiss, filed on January 23, 2013. Docket No. 6. The plaintiff has not responded. Having considered the allegations in the plaintiff's complaint, the State's arguments for dismissal, and the applicable law, the Court is now ready to rule.

**I.**     **Background**

In December 2012, RaSul Tahir Hijaz El filed this suit against the City of Ridgeland, Mississippi, and the State of Mississippi. Docket No. 1. He claimed that on February 8, 2012, City of Ridgeland police officers arrested him without probable cause. *Id.* at 3. The charge was trespassing. *Id.* at 6. El was released on bond. *Id.*

El further alleged that on April 25, 2012, he was falsely arrested by City of Ridgeland police officers for "failing to wear a bicycle helmet while standing in line at [a] privately-owned business." *Id.* at 7. (This event involved an unacceptable use of force, El added. *Id.* at 9.) He was then transferred into the custody of the State of Mississippi. *Id.* at 8. He suggested that this incident violated his Fifth Amendment rights to due process.[1] *Id.*

El may have been convicted of a misdemeanor on one of these counts; the records are unclear, he said. *Id.* at 11.

El described being arrested without probable cause yet again for trespassing and disorderly conduct on September 12, 2012. *Id.* at 13. Six days later, he was arrested for trespass once more – this being El's fourth arrest, the third for trespass – again without probable cause, he alleged. *Id.* at 14. In this and other arrests, he contended he was not read his Miranda rights. *Id.* at 3, 15. El was

---

[1] One of El's contentions was that the police officers' actions were motivated by animus toward him because he is a sovereign citizen. *Id.* at 2, 8-9.

released that evening. *Id.*

While El's causes of action against the defendants are not enumerated, the allegations in his complaint suggest he is suing the City and the State for constitutional violations of false arrest, excessive force, and deprivation of due process, which technically are claims brought under 42 U.S.C. § 1983. He seeks damages, costs, and attorney's fees. *Id.* at 1.

## II.    Legal Standard

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of actions that fail "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts the plaintiff's factual allegations as true and makes reasonable inferences in the plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must contain "more than an unadorned, the defendant-unlawfully-harmed-me accusation," but need not have "detailed factual allegations." *Id.* (quotation marks and citation omitted). The plaintiff's claims must also be plausible on their face, which means there is "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The Court need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* (citation omitted).

Since *Iqbal*, the Fifth Circuit has clarified that the Supreme Court's "emphasis on the plausibility of a complaint's allegations does not give district courts license to look behind those allegations and independently assess the likelihood that the plaintiff will be able to prove them at trial." *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 803 n.44 (5th Cir. 2011).

## III.   Discussion

Taking El's allegations as true, as the Court must at this juncture, they do not state a claim against the State of Mississippi.

"The Eleventh Amendment bars suits by private citizens against a state in federal court." *K.P. v. LeBlanc*, 627 F.3d 115, 124 (5th Cir. 2010) (citation omitted). "It is clear, of course, that in the absence of consent a [federal court] suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Lewis v. Univ. of Texas Med. Branch at Galveston*, 665 F.3d 625, 630 (5th Cir. 2011) (quotation marks and citation omitted); *see Bryant v. Military Dep't of Miss.*, 381 F. Supp. 2d 586, 591 (S.D. Miss. 2005). "[A] suit against state

officials for retroactive monetary relief, whether based on federal or state law, must be brought in state court." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 122 (1984).

In addition, States are not liable under 42 U.S.C. § 1983 because they are not considered "persons" under that statute. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see Bryant*, 381 F. Supp. 2d at 592. "Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Will*, 491 U.S. at 66.

Because the State of Mississippi has no liability under § 1983, and is immune on these claims in federal court, El's claims against it must be dismissed.[2]

## IV. Conclusion

The State of Mississippi's motion to dismiss is granted. The City of Ridgeland's motion to dismiss, which was filed on April 8, 2013, remains pending. *See* Docket No. 16.

**SO ORDERED**, this the 25th day of April, 2013.

                                                    s/ Carlton W. Reeves
                                                    UNITED STATES DISTRICT JUDGE

---

[2] El may also have alleged a violation of Mississippi's public records law. Docket No. 1, at 12. Under that law, suits challenging a public entity's non-disclosure of public records are to be filed "in the chancery court of the county in which the public body is located." Miss. Code § 25-61-13(1). That means the claim cannot be heard here in federal court.