# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

**RASUL TAHIR HIJAZ EL**  PLAINTIFF

v.  CAUSE NO. 3:12-CV-848-CWR-FKB

**CITY OF RIDGELAND, MS;**  DEFENDANTS
**STATE OF MISSISSIPPI**

## ORDER

Before the Court is the City of Ridgeland's motion to dismiss, which was filed on April 8, 2013. Docket No. 16. The plaintiff has not responded. Having considered the allegations in the plaintiff's complaint, the City's arguments for dismissal, and the applicable law, the Court is now ready to rule.

**I.  Background**

In December 2012, RaSul Tahir Hijaz El filed this suit against the City of Ridgeland, Mississippi, and the State of Mississippi. Docket No. 1. He claimed that on February 8, 2012, City police officers arrested him without probable cause. *Id.* at 3. The charge was trespassing. *Id.* at 6. El was released on bond. *Id.*

El further alleged that on April 25, 2012, he was falsely arrested by City police officers for "failing to wear a bicycle helmet while standing in line at [a] privately-owned business." *Id.* at 7. (This event involved an unacceptable use of force, El added. *Id.* at 9.) He was then transferred into the custody of the State of Mississippi. *Id.* at 8. He suggested that this incident violated his Fifth Amendment rights to due process.[1] *Id.*

El may have been convicted of a misdemeanor on one of these counts; the records are unclear, he said. *Id.* at 11.

El described being arrested without probable cause yet again for trespassing and disorderly conduct on September 12, 2012. *Id.* at 13. Six days later, he was arrested for trespass once more – this being El's fourth arrest, the third for trespass – again without probable cause, he alleged. *Id.* at 14. In this and other arrests, he contended he was not read his Miranda rights. *Id.* at 3, 15. El was

---

[1] One of El's contentions was that the police officers' actions were motivated by animus toward him because he is a sovereign citizen. *Id.* at 2, 8-9.

released that evening. *Id.*

The allegations in the complaint suggest that El is suing the City and the State for constitutional violations of false arrest, excessive force, and deprivation of due process, which technically are claims brought under 42 U.S.C. § 1983. He seeks damages, costs, and attorney's fees. *Id.* at 1.

On April 25, 2013, this Court entered an Order granting the State's motion to dismiss, finding that the State was immune from liability under § 1983.[2] Docket No. 18.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of actions that fail "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts the plaintiff's factual allegations as true and makes reasonable inferences in the plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must contain "more than an unadorned, the defendant-unlawfully-harmed-me accusation," but need not have "detailed factual allegations." *Id.* (quotation marks and citation omitted). The plaintiff's claims must also be plausible on their face, which means there is "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The Court need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* (citation omitted).

Since *Iqbal*, the Fifth Circuit has clarified that the Supreme Court's "emphasis on the plausibility of a complaint's allegations does not give district courts license to look behind those allegations and independently assess the likelihood that the plaintiff will be able to prove them at trial." *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 803 n.44 (5th Cir. 2011).

## III. Discussion

### A. Substantive Law

It is well-established that "municipal liability under section 1983 requires proof of three elements: a policymaker; an official policy [or custom]; and a violation of constitutional rights

---

[2] As with the instant motion, El never filed a response to the State's motion to dismiss, giving the Court the strong impression that he does not wish to pursue his case.

whose 'moving force' is the policy or custom." *Piotrowski v. City of Hous.*, 237 F.3d 567, 578 (5th Cir. 2001) (citation omitted). For a municipality to be held liable for constitutional violations, "the unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur; isolated unconstitutional actions by municipal employees will almost never trigger liability." *Id.* (citations omitted).

The first element, proof of a policymaker, requires the plaintiff "to identify a municipal policymaker who could be held responsible, through actual or constructive knowledge, for enforcing a policy that caused [the plaintiff's] injuries." *Id.* at 578-79.

The second element, proof of a policy or custom, is explained in these definitions:

> A policy may be a policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the government's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority. A custom is shown by evidence of a persistent, widespread practice of government officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents government policy.

*Gates v. Texas Dep't of Protective & Regulatory Servs.*, 537 F.3d 404, 436 (5th Cir. 2008) (citations omitted). "[E]ach and any policy which allegedly caused constitutional violations must be specifically identified by a plaintiff." *Piotrowski*, 237 F.3d at 579.

The third element, proof that the policy or custom was the "moving force" behind the constitutional violation, requires the plaintiff to show "a direct causal link between the municipal policy and the constitutional deprivation." *Id.* at 580. "The description of a policy or custom and its relationship to the underlying constitutional violation . . . cannot be conclusory; it must contain specific facts." *Spiller v. City of Texas City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997).

**B.     Analysis**

Taking El's allegations as true, as the Court must at this juncture, they do not presently state a claim against the City.

First, El has not identified the municipal policymaker responsible for the policy or custom that caused his injuries. While part of his complaint describes actions (or inaction) by the Mayor of the City, *see* Docket No. 1, at 16, that conduct is not tied to El's arrests.

El, who is a "sovereign citizen," recites in his complaint that the City has "an official

3

position against a 'movement' that brand[s] anyone claiming sovereign status, [as] a warmonger." Docket No. 1, at 9. That suggests he claims that the City targets or subjects sovereign citizens to disproportionate law enforcement. While that allegation provides a basic outline of what may or may not be a City custom, El's description is conclusory. He has not provided supporting details by, for example, explaining how that practice is so common and well-settled as to constitute a municipal custom.

Regarding the third element, El appears to claim that a video was "the galvanizing force that ultimately deprived each of their civil rights and stripped away our civil liberties by refusing the Plaintiff's testimony to the contrary - namely that he was unarmed and peaceful." *Id.* "[G]alvanizing force" may be El's term for the "moving force" causing his constitutional injuries. Yet it is not clear who created the video, when it was shown, to whom it was shown, and how it influenced City police officers to repeatedly arrest El.

In sum, there is not enough in El's complaint to subject the City to municipal liability under § 1983.

*Pro se* plaintiffs who fail to state a claim against a defendant are generally entitled to amend their complaint to make their best case. *See Gordon v. Davis*, No. 3:10-CV-579, 2011 WL 3665128, at *5 (S.D. Miss. Aug. 19, 2011) ("Courts typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed pursuant to court order"). Accordingly, El will be granted 20 days in which to file an amended complaint that explains how the City is liable under § 1983. *See Nat'l Corporate Tax Credit Fund VII v. Busching*, No. 3:04-CV-559, 2006 WL 13236, at *2 (S.D. Miss. Jan. 3, 2006) (granting leave to amend instead of dismissal where plaintiff failed to plead fraud with specificity). His amended complaint must be received by the Clerk of Court on or before June 17, 2013.

El is cautioned that his amended complaint must comply with Federal Rules of Civil Procedure 8 and 12. Blanket assertions that a defendant is liable are not enough: the complaint must contain sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted).

4

## IV. Conclusion

The City of Ridgeland's motion to dismiss is granted. The plaintiff is granted up to and through June 17, 2013, to file an amended complaint.

**SO ORDERED**, this the 24th day of May, 2013.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE
